## WILLIAMS *v.* STATE.

(Division B. Dec. 11, 1933.)

[151 So. 552. No. 30657.]

H. L. Finch, of Laurel, for appellant.

**W. H. Maynard,** Special Agent, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, Ray Williams, was indicted and convicted of receiving stolen property, and sentenced to serve three years in the penitentiary. The indictment was returned on February 28th; the appellant was arrested on March 2d, and was placed on trial on March 4th. When the case was called for trial, the appellant moved for a continuance because process for certain witnesses

summoned by him had not been returned into court. This motion was overruled, and an alias process issued which had not been returned at the time the trial was concluded, and the overruling of the motion is assigned as error.

We think, although it was technical error to proceed to trial before the process for witnesses had been returned, that we must look at the trial as a completed one, and having done so, we find no reversible error in the cause. The testimony for the state showed the facts which it was claimed the absent witnesses would testify to, and, consequently, no prejudice or harm was done to appellant.

It appeared that the appellant was indicted jointly with one G. M. Gatlin, at a former term of the court, and that this indictment was for the cattle alleged to have been bought with knowledge that they were stolen. The motion of the district attorney to nol. pros. the former indictment was by the court sustained, but the motion to quash the present one was overruled and the court proceeded to trial. There was no error in so doing.

It appears from the testimony that the cattle were stolen from one G. C. Morris, of Jasper county, by one Hardy, and another, at the instance of the appellant and Gatlin, and were sold to appellant and Gatlin at a price far below their actual value, being paid for by a check from Gatlin; but there was ample testimony to show that the appellant was a joint participant in the buying and selling of the cattle, with full knowledge that they had been stolen at the instance of appellant and Gatlin.

Among other instructions given for the state was the following: "The court charges the jury for the state that if you believe, from the evidence, beyond a reasonable doubt, that the defendant, Ray Williams, knew or had good reason to believe, at the time he bought or received the cattle, if he did, that they had been stolen at the time and place in the manner and form as charged in the indictment, then it is your sworn duty to find the defendant guilty as charged."

This instruction is complained of as defective in that there must be more than mere good reason to believe that the property was stolen; that there must be actual knowledge or belief that property was stolen, or there must be such circumstances as to charge them with knowledge that the property was stolen.

However, in the case at bar, several witnesses testified that the appellant had actual knowledge that the cattle were stolen, and the conviction was predicated upon evidence of actual knowledge. The appellant was overwhelmed with witnesses on this point.

We think there was no reversible error, and the judgment will be affirmed.

Affirmed.